*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-061

AUGUST TERM, 2011

| | |
|---|---|
| John Muir | } APPEALED FROM: |
| | } |
| | } |
| v. | } Superior Court, Franklin Unit, |
| | } Civil Division |
| | } |
| Andre Thibault, Matthew Gonyo and | } DOCKET NO. S229-09 Fc |
| Department of Liquor Control | } |

Trial Judge: Ben W. Joseph

In the above-entitled cause, the Clerk will enter:

Plaintiff John Muir appeals a decision of the Franklin Superior Court, Civil Division, granting summary judgment to defendants, the Vermont Department of Liquor Control and two of its agents, with respect to plaintiff's lawsuit seeking damages for his overnight detox detainment. We affirm.

On the evening of May 23, 2007, two liquor control agents stopped plaintiff as he was leaving Hooters restaurant in South Burlington, after observing him display signs of intoxication inside the restaurant moments earlier. Plaintiff declined the agents' request to provide a breath sample. The agents placed plaintiff in protective custody and had him transported to a detox facility, despite the apparent willingness of a friend to drive him home. He was eventually transported to the Chittenden Regional Correctional Facility, where he spent the night in jail.

In May 2009, plaintiff filed an eleven-count count complaint against the Department and the two agents, alleging, among other things, personal injury under 12 V.S.A. § 5601, false imprisonment, battery, negligence, intentional infliction of emotional distress, and several claims under 42 U.S.C. § 1983, including unreasonable search and seizure, false arrest, and violation of his equal protection rights. Defendants moved for summary judgment, arguing that they acted within their statutory authority and that plaintiff's claims were barred by the doctrine of qualified immunity. In his reply to defendants' motion, plaintiff responded on the issue of qualified immunity, but stated that defendants' attorney had waived the statutory-authority argument by stating during an off-the-record status conference that their only defense was qualified immunity. Both sides filed a statement of undisputed facts. Defendants filed affidavits from the two agents, and plaintiff filed an affidavit from the woman who was going to provide a ride for him on the night he was placed in protective custody. The trial court granted summary judgment to defendants on a motion-reaction form without making any findings or conclusions.

On appeal, plaintiff argues that there were genuine issues of material fact that should have precluded the trial court from granting summary judgment to defendants. According to plaintiff, the trial court was compelled to accept as true all of the allegations in his complaint and statement of undisputed facts, including that he was not intoxicated, that he exhibited good

judgment by arranging for a friend to take him home, that he did not need to be taken into protective custody, and that defendants took him into custody illegally and improperly solely to retaliate against him for not being cooperative and for refusing to provide a breath sample.

We disagree. Summary judgment is appropriate "if the moving party proves that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law." Morway v. Trombly, 173 Vt. 266, 269 (2001). "In determining whether material facts exist for trial, we must resolve all reasonable doubts in favor of the party opposing summary judgment." O'Connell v. Bank of Vermont, 166 Vt. 221, 224 (1997). Nevertheless, all material facts set forth in the moving party's statement of undisputed facts "will be deemed to be admitted unless controverted by the statement" filed by the opposing party. V.R.C.P. 56(c)(2). Supporting and opposing affidavits must be "made on personal knowledge." V.R.C.P. 56(e). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided by in this rule, must set forth specific facts showing that there is a genuine issue for trial." V.R.C.P. 56(e).

Here, other than a statement from his friend that he did not seem intoxicated on the cellphone, plaintiff did not controvert defendants' affidavits and statement indicating that the agents observed plaintiff display multiple signs of intoxication, including unsteadiness on his feet to the point of stumbling and nearly falling, bloodshot and watery eyes, slurred speech, swaying while standing, emanating a heavy odor of intoxicants, mood swings, and presenting a combative attitude. All of these signs, most of which were undisputed, indicated that, from an objective standpoint, plaintiff appeared to be intoxicated. Plaintiff cannot overcome these facts by simply making a bare allegation that he was not intoxicated. Nor can he allege as an undisputed fact his view of the subjective motivations behind the agents' decision to take him into protective custody.

State officials are entitled to qualified immunity when they act with objective reasonableness. Anderson v. Creighton, 483 U.S. 635, 638-39 (1987). "Because the focus of the qualified immunity inquiry is on the objective reasonableness of the defendant's actions, motivation does not come into play." Sound Aircraft Serv., Inc. v. Town of East Hampton, 192 F.3d 329, 334 (2d Cir. 1999). An officer is protected from immunity unless "no officer of reasonable competence could have made the same choice in similar circumstances." Lennon v. Miller, 66 F.3d 416, 420-21 (2d Cir. 1995). Objective reasonableness exists when the conduct in question does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In this case, the agents acted under the authority of 33 V.S.A § 708(b), which compels a law enforcement officer to take into protective custody for a period not to exceed twenty-four hours "a person who, in the judgment of the officer, is incapacitated as defined in section 702." That section defines the word intoxicated to mean "a condition in which the mental or physical functioning of an individual is substantially impaired as a result of alcohol or other drugs in his system." 33 V.S.A. § 702(10). Given the undisputed facts indicating that plaintiff presented multiple signs of intoxication, and discounting the alleged subjective motivations of the agents, plaintiff cannot demonstrate that the agents violated his clearly established legal rights in taking him into protective custody.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Denise R. Johnson, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice

3